UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

            -v.-                              ORDER

MARCUS STROUD,                      17-CR-320 (CS)

               Defendant.
-------------------------------------------------------x

Seibel, J.

     Before the Court is Defendant Marcus Stroud's motion for reduction of sentence under

18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 406), and the

Government's opposition thereto, (Doc. 409).

     Defendant was arrested on July 19, 2016 and detained.  On January 23, 2018, he  was

sentenced principally to 156 months' imprisonment.  (Doc. 28).  This sentence was 12 months

below the low end of his advisory Sentencing Guidelines range of 168-210 months.  (*See* Doc.

30 ("PSR") at 20.)  Defendant has served approximately 50 of those 156 months.

     Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he suffers from a health condition – asthma – that, combined with conditions in prison, puts him at increased risk for severe disease should he contract COVID-19. Presumably he means to contend that he fits the fourth category. He does not. Asthma is not among those conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk. The CDC has indicated that moderate-to-severe asthma *might* be a risk factor, but Defendant's asthma is not moderate-to-severe. His presentence report indicated that Defendant reported that he carried an emergency inhaler and that his asthma caused "no serious recurring issues," (PSR ¶ 56), and the Government represents that Defendant's medical records from the Bureau of Prisons show only that he has asthma and uses an inhaler. Moreover, despite the difficulty in social distancing presented by incarceration, FCI Loretto, where Defendant is housed, reports no current inmate cases (and seven staff cases). The Court acknowledges that social distancing is hard in prison, but Defendant is a healthy young man who is not at elevated risk. Defendant also argues that he was young at the time of his offense; has matured and grown; is remorseful; has taken advantage of classes in prison; and at low risk to reoffend. These factors – some of which are at least debatable, if not unsupported by the record, as discussed below – are, sad to say, not uncommon. The factors to which Defendant points, whether singly or in combination, do not come close to the level of extraordinary or compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors. I need not detail the facts of Defendant's conduct, but his offense was, as I noted at sentencing, cold and cruel. It was

also well planned, manipulative and vicious.  It did incalculable damage to the young victim.
The psychologist who evaluated Defendant at the behest of the Probation Office described him
as "predatory," "narcissistic," "antisocial," and "manipulative," and found his expression of
empathy for his victim to be "disingenuous and self-serving."  (Report of Jennifer A. McCarthy,
Ph.D dated July 20, 2017, at 38-39.)  She further found Defendant to be at above-average risk of
being charged with or convicted of another sex offense.  Even the doctor retained by defense
counsel found that while on some scales Defendant presented a low risk to reoffend, on others
his risk was low-moderate, moderate and moderate-high.  (Report of Richard B. Krueger, M.D.
dated June 12, 2016, at 8.)  Releasing defendant after he has served less than one-third of his
sentence – a sentence already below the advisory Guidelines range – would undermine several of
the purposes of sentencing.  It would not sufficiently address the nature and seriousness of the
offense and the harm it did to the victim.  It would not be just punishment and would introduce
unwarranted sentencing disparities.  It would not suffice to protect the public from further crimes
by Defendant, unfortunately a distinct possibility given the psychosexual evaluation and the fact
that Defendant also apparently committed, but was not charged with, a similar offense against
another underage victim.  In short, even if Defendant had shown extraordinary and compelling
circumstances, I would deny the motion in light of the offense, the risk to the public and the
other § 3553(a) factors.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 33), and send a copy of this Order to Defendant Marcus Stroud, No. 77934-054, FCI Loretto, Federal Correctional Institution, P.O. Box 1000, Cresson, PA  16630.

Dated: September 8, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.