UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                        ORDER

MARCUS STROUD,                          17-CR-320 (CS)

                    Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Marcus Stroud's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF Nos. 39, 41), and the Government's opposition thereto, (ECF No. 40).[1]

      Defendant was arrested on July 19, 2016 and detained.  On January 23, 2018, he was sentenced principally to 156 months' imprisonment.  (Doc. 28).  This sentence was 12 months below the low end of his advisory Sentencing Guidelines range of 168-210 months.  (*See* Doc. 30 ("PSR") at 20.)  Defendant has served approximately 85 of those 156 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

---

[1] I exercise my discretion to consider the Government's opposition, even though it was filed late.

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant seeks a twenty-month reduction, arguing that it will render him eligible for sex-offender treatment, which he has yet to receive within the Bureau of Prisons ("BOP").[2]  He also points to lockdowns; the little medical attention he received when he had COVID-19; the understaffing at FCI Danbury, which has led to unpleasant conditions as well as the unavailability of treatment; loss of property while in transit; a delay in receiving dental care; his mother's health; the hostility toward sex offenders in prison; his youth at the time of his offense; his completion of classes; and his plans for the future.[3]  Many of these factors are not uncommon, and I am dubious that they, whether singly or in combination, rise to the level of extraordinary or compelling circumstances.

---

[2] At sentencing I noted that Defendant would likely get sex offender treatment within BOP toward the end of his sentence, (Transcript of Sentencing dated Jan. 23, 2018 at 34:3-4), and Defendant acknowledges that he will receive such treatment once he is within 25 months of release, (ECF No. 37 at 64).

[3] With respect to his future business plans, I encourage Mr. Stroud to be realistic and to take into account that the limitations on his use of internet-connected devices, imposed as part of his supervised release conditions, may adversely affect his ability to pursue the business he describes.

But even if they did, I would deny the motion based on the § 3553(a) factors. For the reasons I set out at sentencing, (Transcript of Sentencing dated Jan. 23, 2018 at 27:6-35:23), and in my Order denying Defendant's earlier motion for reduced sentence, (ECF No. 36), both of which I incorporate here, reducing the sentence imposed for Defendant's heinous crime would undermine several of the purposes of sentencing.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 39), and send a copy of this Order to Defendant Marcus Stroud, No. 77934-054, FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811

Dated: August 27, 2023
       White Plains, New York

*Cathy Seibel* (signature)
_____
CATHY SEIBEL, U.S.D.J.